UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Brittany J. Buckley, | |
| Plaintiff, | CIVIL NO. 18-cv-03124 |
| vs. | ANSWER<br>[JURY TRIAL DEMANDED] |
| Hennepin County, Hennepin Healthcare System, Inc.; Hennepin Healthcare Research Institute; Paramedics Anthony D'Agostino, Katherine A. Kaufmann, and Jonathan R. Thomalla, all in their individual and official capacities; William Heegaard, MD, Jon Cole, MD, Jeffrey Ho, MD, Paul Nystrom, MD, Craig Peine, MD, Karen Heim-Duthoy, PharmD, and Researches J. Does 1-10, whose identities are presently unknown to Plaintiff, all in their individual and official capacities, | |
| Defendants. | |

---

Defendants Hennepin County (HC), Hennepin Healthcare System, Inc. (HHS), Hennepin Healthcare Research Institute (HHRI), Paramedics Anthony D'Agostino, Katherine A. Kaufmann, and Jonathan R. Thomalla (hereinafter "Paramedic Defendants"), William Heegaard, M.D., Jon Cole, M.D., Jeffrey Ho, M.D., Paul Nystrom, M.D. (hereinafter "Physician Defendants") Craig Peine, M.D., Karen Heim-Duthoy, PharmD, and Researchers J. Does 1-10 (all the forgoing entities and individuals hereinafter collectively referred to as "Defendants") for their Answer to Plaintiff's Complaint, admit, deny or allege as follows:

1. Except as hereinafter admitted, qualified or otherwise responded to, the Defendants deny each and every allegation in the Complaint.

2. Answering paragraph 1, to the extent a response is required, Defendants admit that the Complaint purports to bring an action for money damages pursuant to state and federal law, but deny that Plaintiff has stated any actionable claim for relief.

3. Answering paragraph 2, Defendants admit that Plaintiff alleges various federal and Minnesota state law claims, but deny the allegations.

4. Answering paragraph 3, Defendants admit that this court has jurisdiction over the types of federal claims cited, but deny that Plaintiff has stated actionable federal claims, and specifically deny that Plaintiff has alleged state law claims over which supplemental jurisdiction may be exercised.

5. Answering paragraph 4, Defendants admit that the complaint alleges events occurring within the State of Minnesota for which venue in this court would be proper, but deny that Plaintiff has sufficiently alleged such claims or is entitled to the requested relief.

6. Answering paragraph 5, on information and belief, Defendants admit the allegations.

7. Answering paragraph 6, Defendants deny that Defendant HC is a Minnesota municipal corporation, deny that Defendant HC operates Defendant HHS, and deny that Defendant HC owns and/or operates Defendant HHRI.  Defendants admit that Defendant HC owns Defendant HHS and allege Defendant HHS is a

public corporation. Defendants allege that Defendant HHRI is a non-profit corporation which is a subsidiary of Defendant HHS. Defendants allege that the rights and responsibilities of Defendant HHS and HHRI are set forth by statute and incorporation documents that speak for themselves. Defendants admit that Plaintiff purports to sue Defendant HC directly and on the theory of respondeat superior, but deny that Defendant HC is liable under those theories. Defendants further state that Section 466.04 applies to all of the state law causes of action alleged under Section 466.02. Defendants further deny that respondeat superior applies to the federal claims alleged. The remainder of paragraph 6 contains legal conclusions to which no response is required.

8. Answering paragraph 7, Defendants allege that Defendant HHS is also known as Hennepin County Medical Center and still does business under that name. Defendant HHS admits that it is a subsidiary corporation of Defendant HC created by Minn. Stat. § 383B.901 et seq, which speaks for itself. Defendants admit that HHS employs or formerly employed the Paramedic Defendants and Defendants Heegaard, Cole, Ho, Nystrom and Peine. Defendant HHS denies that it employed Defendant Heim-Duthoy during the alleged time period, and alleges that at all times material herein Defendant Heim-Duthoy was an independent contractor working with Defendant HHS. Defendants are without sufficient information to admit or deny the allegations with respect to the Doe Defendants, and therefore deny the same. Defendants deny the remaining allegations.

9. Answering paragraph 8, Defendants deny that Defendant HHRI was formerly known as Minneapolis Medical Research Institute and allege that Defendant HHRI was formerly known as Minneapolis Medical Research Foundation. Defendants state that Defendant HHRI operates the Office of Human Subjects Research which provides administrative support to the Human Subjects Research Committee/Institutional Review Board ("IRB"). Defendants allege that Defendant HHRI supports and oversees certain aspects of some research at Defendant HHS, and allege that Defendant HHRI did not oversee the research study which is the subject of this Complaint. Defendants allege that the Human Subjects Research Committee/Institutional Review Board (IRB) is a committee of Defendant HHS. Defendants admit that Plaintiff purports to sue Defendant HHRI directly and on the theory of respondeat superior, but deny that Defendant HHRI is liable under those theories. Defendants further state that Section 466.04 applies to all of the state law causes of action alleged under Section 466.02. Defendants further deny that respondeat superior applies to the federal claims alleged. Defendants deny the remaining allegations.

10. Answering paragraph 9, Defendants admit that at all times relevant to this incident, the Paramedic Defendants were employed by Defendant HHS, but deny that they were "duly appointed" or acting under color of law, statutes, ordinances, policies, customs and usages of the State of Minnesota or Hennepin County as required to perfect a claim under the federal statutes cited in the Complaint. Defendants admit that Plaintiff purports to sue the above

Paramedic Defendants in their individual and official capacities, but denies that Plaintiff has stated a claim in any such capacity. Defendants deny the remaining allegations.

11. Answering paragraph 10, Defendants refer and incorporate by reference the answer to paragraph 8 of this Answer as to the employment status of the individual and Doe defendants. Defendants deny that any of the individual defendants were employed by either Defendant HC or Defendant HHRI, and are without sufficient information as to the Doe defendants to admit or deny, and therefore deny. Defendants deny that any of the individual defendants were "duly appointed" or acting under color of law, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of Minnesota and/or Hennepin County as required to perfect a claim under the federal statutes cited in the Complaint.

    a. Defendants admit that Defendant Heegaard is the Chief Medical Officer for HHS.

    b. Defendants admit that Defendant Cole is the Chair of the Pharmacy and Therapeutics Committee for Defendant HHS.

    c. Defendants admit that Defendant Ho is the Chief Medical Director for Defendant HHS Emergency Medical Services (EMS).

    d. Defendants admit that Defendant Nystrom is the Assistant Chief Medical Director for Defendant HHS EMS.

    e. Defendants deny that Defendant Peine was the chair of the Office of Human Subjects Research. Defendants admit that beginning on or about February 27, 2017, Defendant Peine was the Chair of the Human Subjects Research Committee, which is also known as the Institutional Review Board and is a committee of Defendant HHS.

    f. Defendants deny that Defendant Heim-Duthoy was the Vice Chair of the Office of Human Subjects Research and admit that at all times material herein, Defendant Heim-Duthoy was the Vice Chair of the Human Subjects Research Committee, which is also known as the Institutional Review Board and is a committee of Defendant HHS.

    g. Defendants are without sufficient information to admit or deny the allegations in paragraph 10.g. and therefore deny the same.

Defendants admit that Plaintiff purports to sue the above individual Defendants in their individual and official capacities, but deny that Plaintiff has stated a claim in any such capacity. Defendants deny the remaining allegations.

12. Answering paragraph 11, Defendants admit upon information and belief that Plaintiff's friend called 911 on December 16, 2017 because Plaintiff was threatening suicide and had been drinking. The friend met Minneapolis officers Bennett and Lynch outside an apartment building, had conversation with them and let the officers into an apartment to conduct a welfare check on Plaintiff. Defendants lack information sufficient to admit or deny the remaining allegations.

13. Answering paragraph 12, on information and belief, admit that the officers spoke with Plaintiff and that an ambulance was called. Defendants allege that Plaintiff's friend remained and provided additional information to police officers.

14. Answering paragraph 13, Defendants admit that the Paramedic Defendants arrived at Plaintiff's apartment shortly after the police officers arrived. Defendants admit that Plaintiff and Defendant D'Agostino spoke for a time with one or more officers and other paramedics present and admit that Defendant D'Agostino requested that Plaintiff voluntarily accompany them for a medical evaluation. Defendants allege that this request was based on Defendant D'Agostino's observations of Plaintiff and other information provided to the Paramedic Defendants. Defendants admit that Plaintiff told the Defendant Paramedics to leave her apartment. Defendants admit that Defendant D'Agostino told Plaintiff that she needed to come in the ambulance with them. Defendants admit that Plaintiff continued to verbally refuse, and allege that she told the Paramedic Defendants and the police officers to leave her apartment. Defendants allege that Officer Lynch placed a transportation hold on Plaintiff pursuant to Minnesota Statutes §253B.05 Subd. 2. Defendants admit Defendant D'Agostino then told Plaintiff she was on a transportation hold. Defendants allege that one of the officers requested that Plaintiff not make them force her to go for medical evaluation. Defendants allege that Plaintiff continued to verbally refuse and object. Defendants deny the remaining allegations.

15. Answering paragraph 14, Defendants admit the allegations in the first sentence. Defendants deny the allegations in the second sentence and allege that Plaintiff physically resisted including kicking and attempting to bite.

16. Answering paragraph 15, Defendants admit that Plaintiff was initially laid on her stomach on the gurney in the ambulance, but deny Plaintiff's characterization of her positioning. Defendants admit that Plaintiff was verbally complaining and crying, but deny that she showed no signs of physical resistance. Defendants admit that when it was safe to do so, Plaintiff was rolled onto her back, and was restrained for her safety and the safety of others. Defendants deny that Plaintiff showed no signs of physical resistance or aggression and did not push against the restraints. Defendants deny the remaining allegations.

17. Answering paragraph 16, Defendants deny that the ambulance run report, which speaks for itself, contains false statements regarding Plaintiff's behavior, and deny the remaining allegations.

18. Answering paragraph 17, Defendants admit that the reference to "ketamine trials" is a reference to a study conducted by Defendant HHS, not Defendant HC, titled "Ketamine vs. Midazolam for Prehospital Agitation."  Defendants deny the characterization of the study set forth in the remaining allegations, and state that the document attached as Exhibit 1 to the Complaint, which is an incomplete excerpt of the study protocol that omits certain key aspects of the protocol, speaks for itself.  Defendants deny the remaining allegations.

19. Answering paragraphs 18-21, Defendants state that insofar as these paragraphs purport to quote directly from, refer to, interpret or otherwise characterize the medical journal articles attached as Exhibits 2-5, Exhibits 2-5 speak for themselves.  Defendants deny the remaining allegations in these paragraphs.

20. Answering paragraph 22, Defendants state that to the extent this paragraph purports to quote directly from, refer to, interpret or otherwise characterize medical journal articles attached as Exhibits 2-5, those Exhibits speak for themselves.  To the extent Paragraph 22 purports to quote directly from, refer to, or otherwise characterize other materials that are not attached as exhibits to the Complaint, and were not authored by Defendants, Defendants lack information sufficient to admit or deny those allegations.  Defendants deny the allegations as they relate to Defendants' personal knowledge or acknowledgement of the risks associated with the use of ketamine and deny the remaining allegations.

21. Answering paragraph 23, Defendants state that Exhibit 6 appears to be an abstract of an article entitled "The Use of Prehospital Ketamine for Control of Agitation in a Metropolitan Firefighter-based EMS system," and state that Defendants are without sufficient information to admit or deny the allegations pertaining to Exhibit 6. Defendants deny the allegations as they relate to Defendants' personal knowledge or acknowledgement of the risks associated with the use of ketamine and deny the remaining allegations.

22. Answering paragraph 24, Defendants admit that the Physician Defendants commenced a study on or about August 1, 2017 and paused that study in July 2018. Defendants deny the remaining allegations.

23. Answering paragraph 25, Defendants admit that the IRB, which is a committee of HHS, approved *A Prospective Study of Ketamine versus Haloperidol for Severe Prehospital Agitation* and *Ketamine versus Midazolam for Prehospital Agitation* as Waiver of Consent research pursuant to 45 C.F.R. § 46.116(d)(2017)[1]. Defendants deny the remaining allegations.

24. Answering paragraph 26, Defendants state that the cited regulation speaks for itself and deny Plaintiff's characterization of the same.

25. Answering paragraph 27, Defendants admit that the studies were approved as stated in paragraph 23 of this Answer, and state the regulation speaks for itself. Defendants deny the remaining allegations.

26. Answering paragraph 28, the statute speaks for itself. Defendants deny the remaining allegations.

27. Answering paragraph 29, Defendants admit that after Plaintiff was sedated with ketamine she was enrolled in the *Ketamine Versus Midazolam for Prehospital Agitation* study, and state that Plaintiff was enrolled pursuant to the IRB's approval of the study as Waiver of Consent, thus her enrollment was valid under applicable law. Defendants deny Plaintiff's characterization of the ambulance run

---

[1] 45 C.F.R § 46.116 has since been amended. Comparable, though not identical, language now appears at 45 C.F.R. § 46.116(f).

report. Defendants admit that at one point the Paramedic Defendants scored Plaintiff +2 on the AMSS scale. Defendants deny the remaining allegations.

28. Answering paragraph 30, Defendants admit that the Glasgow coma score is used by medical professionals but deny Plaintiff's characterization of the same, including that it is a proper indicator of prehospital agitation. Defendants admit that at one point the Paramedic Defendants scored Plaintiff 15 on the GCS. Defendants deny the remaining allegations.

29. Answering paragraph 31, Defendants admit that throughout this occurrence, Plaintiff was verbally objecting, but are without sufficient information to admit or deny what Plaintiff saw or knew and therefore deny the same. Defendants deny that Defendants D'Agostino or Thomalla readied the syringe. Defendants deny the remaining allegations.

30. Answering paragraph 32, admit that the Paramedic Defendants recorded reduced AMSS and GCS scores, but deny this reduction was spontaneous and deny that this change occurred before Plaintiff was injected with ketamine. Defendants deny the remaining allegations.

31. Answering paragraph 33, Defendants admit that Plaintiff received 150 mg. of ketamine on or around 15:00:17, but deny the remaining allegations.

32. Answering paragraph 34, Defendants deny Plaintiff's characterization of the ambulance run report and admit that Plaintiff received the treatment described. Defendants deny the remaining allegations.

33. Answering paragraph 35, Defendants admit that Plaintiff was transported to Hennepin County Medical Center (HCMC) and that her diagnoses included acute respiratory failure with hypoxia, among other diagnoses. Defendants further admit that Plaintiff was intubated at HCMC where she received additional care and treatment, and that she was extubated the next day. Defendants deny the remaining allegations.

34. Answering paragraph 36, Defendants admit that Exhibit 7 was provided to Plaintiff but are without sufficient information to admit or deny the remaining allegations.

35. Answering paragraph 37, Defendants admit that body-worn camera recordings exist, and deny the allegations regarding what the body-worn video shows and further deny Plaintiff's characterization of her encounter with the police and the Paramedic Defendants. Defendants deny the remaining allegations in this paragraph.

36. Answering paragraph 38, Defendants state that the referenced articles published in the Star Tribune speak for themselves and deny the remaining allegations.

37. Answering paragraph 39, Defendants admit that HHS paramedics choose an appropriate sedative depending on the circumstances and deny the remaining allegations. Defendants further deny the characterization of Exhibit 5 to the Complaint and state that the article speaks for itself.

38. Answering paragraph 40, Defendants deny the allegations and state that Exhibit 5 to the Complaint speaks for itself.

39. Answering paragraph 41, Defendants deny the characterization of Exhibit 5 of the Complaint and state the document speaks for itself, and further deny the remaining allegations in this paragraph as well as Plaintiff's characterization of Defendants' knowledge.

40. Answering paragraph 42, Defendants deny that Defendants implemented a new sedation protocol as described. Defendants deny the remaining allegations.

41. Answering paragraph 43, Defendants deny the allegations.

### Count 1: 42 U.S. C. § 1983-Fourth and Fourteenth Amendments-Excessive Force

42. Answering paragraph 44, the Defendants incorporate by reference the answers to those paragraphs.

43. Answering paragraph 45, Defendants admit that Plaintiff was sedated with ketamine but deny the remaining allegations.

44. Answering paragraph 46, Defendants deny the allegations.

45. Answering paragraph 47, Defendants deny the allegations.

### Count II: 42 U.S.C. § 1983-Fourteenth Amendment Deliberate Indifference and Bodily Integrity Violations

46. Answering paragraph 48, the Defendants incorporate by reference the answers to those paragraphs.

47. Answering paragraph 49, Defendants deny the allegations.

48. Answering paragraph 50, the Defendants admit that Plaintiff was sedated with ketamine but deny the remaining allegations.

49. Answering paragraph 51, Defendants deny Plaintiff's characterization of Defendants' actions, deny the allegations and further deny any violation of Plaintiff's constitutional rights.

50. Answering paragraph 52, Defendants deny Plaintiff's characterization of Defendants' actions and further deny any violation of Plaintiff's constitutional rights.

51. Answering paragraph 53, Defendants deny any violation of Plaintiff's constitutional rights.

**Count 3: 42 U.S.C. § 1983-Fourth and Fourteenth Amendment (Monell) Violations**

52. Answering paragraph 54, the Defendants incorporate by reference the answers to those paragraphs.

53. Answering paragraph 55, Defendants deny any violation of Plaintiff's constitutional rights.

54. Answering paragraph 56, the Defendants deny the allegations.

55. Answering paragraph 57, the Defendants deny the allegations.

56. Answering paragraph 58, the Defendants deny the allegations.

57. Answering paragraph 59, the Defendants deny the allegations.

58. Answering paragraph 60, the Defendants deny the allegations and deny any violation of Plaintiff's constitutional rights.

**Count 4: Medical Malpractice under Minnesota State Law**

59. Answering paragraph 61, the Defendants admit, qualify or deny the re-allegations as they were originally admitted, qualified or denied.

60. Answering paragraph 62, the Defendants deny the allegations.

61. Answering paragraph 63, the Defendants deny any malpractice and deny the allegations.

62. Answering paragraph 64, Defendants deny any malpractice.

### Count 5: Battery under Minnesota State Law

63. Answering paragraph 65, the Defendants incorporate by reference the answers to those paragraphs.

64. Answering paragraph 66, the Defendants deny the allegations.

65. Answering paragraph 67, the Defendants deny the allegations and deny any battery.

66. Answering paragraph 68, the Defendants deny any battery.

### Count 6: Negligence Per Se Under Minnesota State Law

67. Answering paragraph 69, the Defendants incorporate by reference the answers to those paragraphs.

68. Answering paragraph 70, the Defendants deny any negligence. The cited regulation speaks for itself.  The Defendants deny the remaining allegations.

69. Answering paragraph 71, the Defendants state the cited regulation speaks for itself.

70. Answering paragraph 72, Defendants deny Plaintiff's characterization regarding "minimal risk" and deny the remaining allegations.

71. Answering paragraph 73, Defendants deny that Plaintiff suffered any harm and further deny any violation of the cited regulation.

72. Answering paragraph 74, Defendants deny any negligence.

73. Answering paragraph 75, Defendants deny any negligence.

## Relief Requested

74. Defendants deny all allegations in Plaintiff's Request for Relief.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted against the Defendants.

2. This Court lacks subject matter jurisdiction over the allegations and claims in the Complaint.

3. Plaintiff's claims are barred by equitable doctrines, including laches, estoppel, unclean hands, and/or waiver.

4. Plaintiff's claims are barred by various immunity doctrines, including qualified immunity, official immunity, statutory immunity, and any other immunities conferred by federal and state statutes or common law.

5. Injuries or damages sustained by Plaintiff, if any, were due to, caused by, contributed to, or brought about as the result of Plaintiff's own conduct and/or the conduct of third parties for whose conduct the Defendants are not responsible.

6. There is no causal relationship between the actions of the Defendants and injuries or damages sustained by Plaintiff.

7. The customs, practices and policies of any of the Defendants are not deliberately indifferent to and do not violate any person's constitutional rights under the Fourth or Fourteenth Amendment or any other provision of the U.S. Constitution, as alleged in Plaintiff's Complaint.

8. No *Monell* claim has been properly asserted.

9. The damages available in this litigation, if any, are limited to those available under Minn. Stat. § 573.02 and Minn. Stat. § 466.02.

10. Plaintiff's purported claims under federal regulations fail as there is no private right of action to enforce such claims.

11. Plaintiff's purported claims are pre-empted under Federal Law.

12. The Defendants reserve the right to amend and/or supplement these affirmative defenses.

## **JURY TRIAL DEMAND**

1.  The Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants ask for an Order of the Court as follows:

1.  Dismissing Plaintiff's Complaint and granting the Defendants judgment in their favor.

2.  Awarding Defendants all costs, disbursements and attorney's fees pursuant to 42 U.S.C. § 1988 or other applicable law.

3.  For such other and further relief as this Court deems just and equitable.

MICHAEL O. FREEMAN
Hennepin County Attorney

                                      By: s/ *Katherine S. Flom*
                                          KATHERINE S. FLOM (0140077)
                                          Assistant County Attorney
                                          Attorneys for County of Hennepin
                                          2000A Government Center
                                          Minneapolis, MN 55487
                                          Telephone: (612) 596-0075
                                          Fax No: (612) 348-8299
                                          Kate.Flom@hennepin.us

Dated: February 1, 2019